

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-1519
Re: Is it legal for a State Senator or
State Representative to sell live-
stock or any other commodity to the
Texas Prison System through the Board
of Control or to any other state
department?

We are in receipt of your request for an opinion
on the following question:

"Is it legal for a State Senator or State Re-
presentative to sell livestock or any other com-
modity to the Texas Prison System through the
Board of Control or to any other State Depart-
ment?"

By the terms of Article 3, Section 18, Constitu-
tion of Texas, among other things, it is provided:

"Nor shall any member of the Legislature be
interested, either directly or indirectly, in
any contract with the State, or any county there-
of, authorized by any law passed during the term
by which he shall have been elected."

Senate Bill 427, Acts of the Forty-sixth Legisla-
ture, is the General Departmental Appropriation Bill
passed for the current biennium. The appropriation for
the Texas Prison System contains under the heading
"maintenance and miscellaneous" the following two items

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. O.J.S. Ellingson, page 2

numbered "1" and "6" respectively:

"Groceries * * * $180,000.00; livestock, feed and seed * * * $75,000.00"

The purchase of livestock for eating purposes falls within the classification of "groceries", while the purchase of livestock for work and breeding purposes comes within the coverage of the item "livestock, feed and seed". The purchase of livestock by the State Prison System would be by virtue of authority and funds conferred by S.B. 427.

The constitutional inhibition contained in Article 3, Paragraph 18, of the Constitution of Texas, above quoted, would apply to a contract for the sale of livestock to the State Prison System by a member of the Texas Legislature under the General Departmental Appropriation Bill passed during the term of the Legislature for which the latter was elected. The General Departmental Appropriation Bill in this instance S.B. 427 falls within the purview of the phrase "any law passed during the term of which he shall have been elected."

LILLARD v. FREESTONE COUNTY, 57 S.W. 338:

"We think it apparent that the intention of the above clause of the Constitution was to absolutely prohibit any person from entering into a contract with the state or county authorized by statute passed by legislature of which certain person was a member."

CONFERENCE OPINION of the Attorney General's Department, No. 2411, January 30, 1928, by Hon. L.C. Sutton, Assistant Attorney General, to Hon. A.C. Buchanan, (copy attached):

" * * * a person who was a member of the Legislature at the time of the enactment of what is known as the State Highway Commission Law could not lawfully make a contract with a county for road construction work involving funds awarded to such county by the State Highway Commission. We think also that a person who was a

Hon. O.J.S. Ellingson, page 3

        member of the State Senate at the time of the
        enactment of the law appropriating registration
        fees to the State Highway Commission would not
        lawfully contract with a county where funds ap-
        propriated by such act are to be expended. An
        appropriation act is, of course, a law. See
        Section 6, Article 8, State Constitution."

        It is our opinion that it would be violative of
Section 18 of Article 3 of the Constitution of Texas for
a member of the Legislature to sell livestock or any
other commodity to the Texas Prison System through the
Board of Control or to any other State Department when
the authority for the purchase is conferred and the
money to pay for livestock or other commodity is appro-
priated under the General Departmental Appropriation
Bill passed during the term for which said member of the
Legislature was elected.

        Trusting that we have fully answered your inquiry,
we are

                            Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                    By          Dick Stout
                                Dick Stout
DS:ob                           Assistant

Incl.
c.c: (with enclosure) Board of Control
c.c: (with enclosure) Comptroller of State
     of Texas.


        APPROVED OCT 23, 1939

            Gerald C. Mann

        ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN